UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11886-JLS-E                                                                  Date: December 18, 2025
Title:  Aaron Ray v. Los Angeles County Department of Public Social Services et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (Doc. 5)**

Before the Court is a document styled as an "Emergency Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction" filed by Plaintiff Aaron Ray.  (Doc. 5.)  For the reasons below, the Court DENIES Plaintiff's Motion.

First, the Court lacks jurisdiction over this matter.  "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Here, Plaintiff failed to file a complaint; rather, it appears he attempted to initiate this action by filing a motion.  Absent a properly-filed complaint, this Court lacks jurisdiction to issue any relief, including injunctive relief.  *See Zinman v. Simi Valley Police Dept.*, 2021 WL 8874970, at *2 (C.D. Cal. 2021) (collecting cases).

Second, even if Plaintiff had properly filed a complaint, it does not appear that Plaintiff has served any defendant in this action.  Under Federal Rule of Civil Procedure 65, the Court may issue a temporary restraining order ("TRO") without notice to the Defendant only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11886-JLS-E                                         Date: December 18, 2025
Title:  Aaron Ray v. Los Angeles County Department of Public Social Services et al

adverse party can be heard in opposition" and (2) "the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  As noted above, Plaintiff has failed to file any complaint, let alone a verified one.  And the purported "sworn affidavit" attached to the Application is not signed and is dated August 7, 2025 — four months ago.  (*See* Doc. 5 at 6-17.)  This is not a case where a TRO may be granted *ex parte* and without notice.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.") (reversing finding of civil contempt based on failure to comply with improperly issued TRO) (internal quotation marks and citation omitted).

For the foregoing reasons, Plaintiff's Motion is DENIED without prejudice.

Initials of Deputy Clerk: kd